IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| MICHAEL P. MEEHAN, | : | BANKRUPTCY NO.: 5-13-bk-04997-JJT |
| DEBTOR | : | |
| EUGENE AND LAURA FRIEND, individually, and as assignees of the Township of River Vale, New Jersey, | : | {**Nature of Proceeding**: Defendant's Motion for Summary Judgment (Doc. #6} |
| PLAINTIFFS | : | |
| vs. | : | |
| MICHAEL P. MEEHAN | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00001-JJT** |

# OPINION

Pending is a four-Count Complaint titled by the Plaintiff as "Complaint to Liquidate Claim and Object to Discharge of Certain Claims." The four individual Counts of the Complaint are titled as follows: Count One (Fraudulent Misrepresentation); Count Two (Consumer Fraud-N.J.S.A. 56:8-2); Count Three (11 U.S.C. § 523(a)(2)(A)); and Count Four (11 U.S.C. § 523(a)(6) Willful and Malicious Injury to Property). This Complaint, following an Answer, was met by a subsequent Motion for Summary Judgment filed by the Defendant.

While Count One does not refer to a specific subsection of the dischargeability section of the Bankruptcy Code found in 11 U.S.C. § 523, it, nevertheless, raises allegations that rightfully can be subsumed into Count Three. The Court finds that it has core jurisdiction to hear and make a determination of Counts One, Three, and Four.

Summary judgment applies where there is no genuine issue as to any material fact and . .

. the moving party is entitled to a judgment as a matter of law, Fed.R.Civ.P. 56(c)), i.e., "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A review of the allegations of the Complaint and the Answer filed by the Defendant convinces the Court that there are genuine issues as to material facts in the pleadings and therefore subject to resolution by the Court. It is for this reason that the Defendant's Motion for Summary Judgment is denied.

Count Two makes allegations of violations of the New Jersey Consumer Fraud Act and seeks affirmative relief in the form of a judgment for damages. It is properly subsumed with the Plaintiff's Proof of Claim filed in this case on January 14, 2014. As such, Count Two will be considered as a supplement to that Proof of Claim and will otherwise be dismissed from this adversary challenging dischargeability.

My Order will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

Date: August 29, 2014